# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN VASQUEZ, | : Civil No. 1:24-CV-00353 |
| Plaintiff, | : |
| v. | : |
| DAUPHIN COUNTY BOARD OF PRISON INSPECTORS, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are Defendants' pending motions to dismiss the above-captioned action for lack of prosecution and failure to comply with the court's orders. (Docs. 18, 26.) Brian Vazquez ("Plaintiff") has failed to timely file an amended complaint pursuant to the court's August 5, 2024 order. Therefore, Defendants' motions will be granted and the case will be closed.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint on February 29, 2024. (Doc. 1.) The complaint named four defendants. (*Id.*, p. 8.)[1] However, under the section titled "Statement of Claim," Plaintiff wrote "Permission to leave to file Supplemental Statement of Claim." (*Id.*) Under the section titled "Relief," Plaintiff wrote "Permission to leave to file Supplemental Statement of Claim & Relief that are Similar to the Emergency Preliminary Injunction." (*Id.*, p. 9.) On

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

the same day the complaint was received and docketed, the court sent Plaintiff a letter acknowledging the filing of the action and providing Plaintiff a copy of local and federal rules.  (Docs. 4, 4-3.)

On March 15, 2024, the court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to fulfill the requirements of a pleading pursuant to Fed. R. Civ. P. 8(a).  (Doc. 7.)  The court granted Plaintiff leave to file an amended complaint "by no later than April 18, 2024," and provided him two copies of the court's civil complaint form for use in drafting the amended complaint.  (*Id.*, p. 6.)  On April 16, 2024, the court received and docketed a motion for an extension of time to file an amended complaint from Plaintiff.  (Doc. 8.)  The court granted this motion and gave Plaintiff until May 20, 2024 to file an amended complaint.  (Doc. 9.)  On May 21, 2024, Plaintiff filed another motion for an extension of time.  (Doc. 10.)  The court granted this motion and gave Plaintiff until June 21, 2024 to file an amended complaint.  (Doc. 11.)  On June 24, 2024, Plaintiff filed a motion for an extension of time to file an amended complaint.  (Doc. 12.)  The court granted this order and gave Plaintiff until July 26, 2024 to file an amended complaint.  (Doc. 13.)  The court received another motion for an extension of time on July 30, 2024.  (Doc. 14.)  The court granted this motion and gave Plaintiff until September 5, 2024 to file an amended complaint.  (Doc. 15.)  The court specifically stated that "[n]o further extensions will be granted."  (*Id.*)

On August 6, 2024, Defendants filed a motion to dismiss for lack of prosecution and a brief in support. (Docs. 18, 19.) This motion is still pending.

The September 5, 2024 deadline passed without the court receiving an amended complaint from Plaintiff. On September 6, 2024, the court received and docketed a document from Plaintiff titled "Federal Judicial Notice." (Doc. 20.) This notice alleges that Director Jillian Cuffaro, who is a defendant in this action, "is interfering with the access with the court by denying access to certify mail, and the box that would provide access to the court as the amended complaint is 1400 pages and does not fit in a small envelope." (*Id.*) On September 10, 2024, the court received and docketed an amended complaint. (Doc. 21.) This amended complaint names twenty-five additional defendants, is 301 pages long, and is not on the court's civil rights complaint form. (*Id.*) Most significantly, the complaint is unsigned and portions of it are illegible. (*Id.*)

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims appear to have occurred in Dauphin County, which is located within this district. *See* 28 U.S.C. § 118(b).

## DISCUSSION

### A. The Amended Complaint Violates The Federal Rules of Civil Procedure and Will Be Dismissed.

Under the Federal Rules of Civil Procedure, a pleading[2] that states a claim for relief "must contain" the following elements:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). In addition, Federal Rule of Civil Procedure 11 requires that all pleadings, written motions, and other papers filed with the court "must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

Plaintiff's 301-page complaint is not a short and plain statement. Portions of the complaint are illegible and those that are legible attempt to, in part, raise a habeas corpus action pursuant to § 2254. (Doc. 1.) Furthermore, the amended complaint is unsigned. (*Id*.) Plaintiff received a copy of Federal Rules of Civil Procedure 8 and 11 when he initiated this action. (Doc. 4-3.) Therefore, he was

---

[2] A complaint is a pleading pursuant to Fed. R. Civ. P. 7(a)(1).

put on notice of each requirement set forth above. Since the amended complaint failed to meet the requirements of a pleading pursuant to Rules 8 and 11, the court finds that it does not qualify as a pleading and will be dismissed. Thus, Plaintiff did not timely file a valid complaint as required by this court's multiple orders.

### B. The Case Will Be Dismissed Pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders. Fed. R. Civ. P. 41(b). Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

In making this determination, "no single *Poulis* factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Moreover, "not all of the

5

*Poulis* factors need be satisfied" to dismiss a complaint for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

In this case, an analysis of the *Poulis* factors leads the court to conclude that this case should be dismissed. Consideration of the first factor, the party's personal responsibility, indicates that the delays are entirely attributable to Plaintiff, who has failed to abide by court orders and timely file a proper pleading.

The second factor, prejudice to the adversary, also weighs heavily in favor of dismissal. This factor is entitled to great weight as the Third Circuit has explained:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222.

*Briscoe*, 538 F.3d at 259–60.  Here, Defendants are plainly prejudiced by Plaintiff's failure to comply with court orders or litigate this case, and the court finds that this factor weighs in favor of dismissal.  *See*, *e.g.*, *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

Considering Plaintiff's history of dilatoriness, dismissal is appropriate.  As the Third Circuit has stated, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . ., or consistent tardiness in complying with court orders."  *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (quotations and some citations omitted).  In the instant case, it is undisputed that Plaintiff has failed to timely file an amended complaint.

The court further concludes that the fourth factor, whether the conduct of the party was willful or in bad faith, weighs in favor of dismissal.  With respect to this factor, the court must assess whether the party's conduct is willful, in that it involved "strategic," "intentional or self-serving behavior," or a product of mere inadvertence or negligence.  *Adams*, 29 F.3d at 875.  Here, where Plaintiff has

failed to comply with court instructions directing him to act, the court is compelled to conclude that these actions are not inadvertent but reflect an intentional disregard for court instructions and for this case.  While Plaintiff attempts to lay blame at the feet of Defendants in his "Federal Judicial Notice" by citing the lack of resources to mail his 1,400 page complaint, the courts finds that an alleged 1,400 page complaint would be excessive and burdensome on the court and opposing parties in any event.

The fifth factor, the effectiveness of lesser sanctions, also cuts against Plaintiff in this case.  Cases construing *Poulis* agree that when confronted with a *pro se* litigant who refuses to comply with court orders, lesser sanctions may not be an effective alternative.  *See e.g.*, *Briscoe*, 538 F.3d at 262–63; *Emerson*, 296 F.3d at 191.  Here, by entering a prior order advising Plaintiff of his obligations, the court has attempted lesser sanctions to no avail.  Accordingly, dismissal is the only appropriate sanction remaining.

Finally, the court is cautioned to consider the meritoriousness of Plaintiff's claim.  First, some sections of the complaint are illegible.  Second, the legible portions appear to raise a habeas corpus claim in addition to some constitutional challenges under 42 U.S.C. § 1983.  However, the court finds that even if the court could fully consider this factor at this juncture, it cannot save Plaintiff's claims, as he has been wholly noncompliant with his obligations as a litigant.  As explained

above, no one *Poulis* factor is dispositive, and not all factors must be satisfied for Plaintiff's case to be dismissed. *See Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373. Accordingly, the untested merits of Plaintiff's claims, standing alone, cannot prevent the dismissal of those claims.

## CONCLUSION

Accordingly, the court will grant the motions to dismiss for failure to prosecute and close the case. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: November 26, 2024